IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

SYLVIA JENKINS,

                Plaintiff,        Civil Action No.
v.                                     5:12-CV-1801 (MAD/DEP)

MR. JOHN SESTER, *et al.,*

                Defendants.

---

APPEARANCES:

FOR PLAINTIFF:

SYLVIA JENKINS, *Pro Se*
1418 North State Street
Syracuse, NY 13203

FOR DEFENDANT:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Sylvia Jenkins, a persistent litigant who is familiar to the court, has commenced an action against defendant John Sester, identified as "VIP Manager," and other unnamed and unidentified associates of the defendant, and additionally has requested leave to proceed in the action *in*

*forma pauperis*.¹  For the reasons set forth below, I am granting plaintiff's request for leave to proceed *in forma pauperis* ("IFP"), but recommend that her complaint be dismissed.

I.     BACKGROUND

Plaintiff commenced this action in or about November 2012, in the Southern District of New York.  Dkt. No. 2.  Accompanying her complaint was an application for leave to proceed IFP.  Dkt. No. 1.

The claims set forth in plaintiff's complaint and the accompanying handwritten letter are difficult to discern.  It appears that plaintiff's claims

---

¹        Prior to commencement of this action, plaintiff had filed thirteen *pro se* civil actions in this district, all of which have been dismissed.  *See Jenkins v. Onondaga Sheriffs' Dep't,* 05-CV-1457, Decision and Order (N.D.N.Y. filed Apr. 25, 2006) (Scullin, J.); *Jenkins v. Comm'r of Soc. Sec. Admin.,* 06-CV-0059, Decision and Order (N.D.N.Y. filed Mar. 29, 2007) (Hurd, J.); *Jenkins v. Emergency Dep't Upstate Univ. Hosp.*, 06-CV-0060, Memorandum-Decision and Order (N.D.N.Y. filed April 14, 2006) (Scullin, J.); *Jenkins v. Dep't Corr. Servs.*, 06-CV-0621, Decision and Order (N.D.N.Y. filed July 5, 2006) (Kahn, J.); *Jenkins v. City of Syracuse*, 06-CV-1005, Order (N.D.N.Y. filed Oct. 5, 2006) (Mordue, J.); *Jenkins v. Onondaga Sheriff's Dep't*, 06-CV-1092, Decision and Order, (N.D.N.Y. filed Oct. 6, 2006) (McAvoy, J.); *Jenkins v. Mohawk Corr. Facility*, 06-CV-1167, Decision and Order (N.D.N.Y. filed Oct. 12, 2006) (Mordue, J.); *Jenkins v. City of Syracuse*, 07-CV-0930, Decision and Order (N.D.N.Y. filed Oct. 2, 2007) (Mordue, J.); *Jenkins v. Sheriff's Dep't*, 07-CV-0939, Decision and Order (N.D.N.Y. filed Nov. 21, 2007) (Hurd, J.); *Jenkins v. Murphy*, 08-CV-0921, Order (N.D.N.Y. filed Oct. 14, 2008) (McCurn, J.); *Jenkins v. USA*, 09-CV-0603, Decision and Order (N.D.N.Y. filed May 28, 2009) (McAvoy, J.); *Jenkins v. Rice,* 11-CV-1037, Decision and Order (N.D.N.Y. filed Oct. 11, 2011) (Kahn, J.); *Jenkins v. Onondaga Cnty. Sheriff's Dept.*, 12-CV-0855, Decision and Order (N.D.N.Y. filed Sept. 28, 2012) (Suddaby, J.).  On March 28, 2013, Chief District Judge Gary L. Sharpe issued an anti-filing injunction against plaintiff.  *In re: Sylvia Jenkins*, No. 12-MC-0084, Anti-Filing Injunction (N.D.N.Y. Mar. 28, 2013) (Sharpe, C.J.).  Because Chief Judge Sharpe's anti-filing injunction was issued after the commencement of the action pending before me, I have not recommended that her complaint be summarily stricken.

arise out of a dispute with Jenkins' landlord and defendant John Sester, the manager of the rental property. Plaintiff alleges that an incident occurred on April 28, 2012, at her former residence, 250 Hier Avenue, Syracuse, NY 13202, forcing her to move and lose her security deposit of $185.00. Dkt. No. 2. Plaintiff's complaint, however, does not specify a cause of action under which she intends to proceed. *Id.*

On December 6, 2012, Chief Judge Loretta A. Preska of the Southern District of New York ordered that the action be transferred to this district, as the appropriate forum for adjudication of plaintiff's claims, pursuant to 28 U.S.C. § 1406(a). Dkt. No. 4. The complaint and accompanying IFP application have since been forwarded to me for review.

## II. DISCUSSION

### A. Application to Proceed *In forma Pauperis*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $350, must ordinarily be paid. 28 U.S.C. §§ 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it is determined that she is unable to pay the required filing fee.[2] 28

---

[2] The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts

3

U.S.C. § 1915(a)(1). In this instance, having reviewed plaintiff's IFP application, I conclude that she is eligible for IFP status. Her application for leave to proceed *in forma pauperis* is therefore granted.

B. <u>Sufficiency of Plaintiff's Claims</u>

Having granted plaintiff's request for leave to proceed *in forma pauperis,* the court must now review the sufficiency of the allegations set forth in her complaint to determine whether dismissal *sua sponte* is warranted, pursuant to 28 U.S.C. § 1915(e)(2)(B). That section directs that when a plaintiff seeks to proceed *in forma pauperis*, the court

> shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim a court must extend a certain measure of deference towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution

---

have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a plaintiff to proceed.[3] *See*, *e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule

---

[3] "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

Copies of all unreported decisions cited in this document have been appended for the convenience of the *pro se* plaintiff.

8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable.'" *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D. D.C. 1977)) (italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

6

'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"Federal Courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (internal quotation marks omitted). In this case, the form complaint submitted by plaintiff provides her with two options for federal jurisdiction – federal question or diversity of citizenship. Dkt. No. 2 at 2. In this instance, plaintiff has selected federal question as a basis for jurisdiction.[4] *Id.*

A federal cause of action giving rise to plaintiff's claim of federal question jurisdiction under 28 U.S.C. § 1331 is not readily apparent from her complaint. In this case, plaintiff has asserted the following claims in the letter attached to the form complaint:

      #1.    Defamation of character
      #2.    Invaded my residency and privacy
      #3.    Caused emotional distress and severe depression
      #4.    [F]abricated about the entire incident, since no one was around me but then all. . .
      #5.    Affected in an serious tra[umatizing] effect.

Dkt. No. 2 at 13-14 (ellipse in original). None of these give rise to a

---

[4] A careful review of plaintiff's complaint reveals that the allegations contained therein do not satisfy the requirements for diversity jurisdiction under 28 U.S.C. § 1332.

cognizable federal cause of action, but instead either give rise to a state law claim or do not give rise to a a cognizable claim at all.

To the extent that plaintiff's second cause of action ("invas[ion of] . . . privacy") attempts to assert a civil rights claim under 42 U.S.C. § 1983, her complaint fails to state a claim upon which relief may be granted. Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States," *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person or entity acting under color of state law, and (2) such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993); *see also Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). State action is an essential element of any section 1983 claim. *Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of*

*Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, J.)). In order to survive scrutiny under section 1915(e), plaintiff's complaint must allege facts that plausibly suggest state action on the part of the named defendants. *See, e.g., Giannini vs. Pearson*, No. 95-CV-1669, slip op. at 4 (N.D.N.Y.), *appeal dismissed*, (2d Cir. Apr. 19, 1996); *Carollo-Gardner v. Diners Club*, 628 F. Supp. 1253, 1256-57 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint where the plaintiff failed to allege state action on part of defendants).

In this case, because plaintiff has failed to plead the requisite state action to support a claim under section 1983, and there does not appear to be any other federal right implicated, I recommend that her complaint be dismissed.

### C. Amendment of Complaint

The next issue to be addressed is whether plaintiff should be permitted to amend her complaint. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so

9

requires"); *Gomez v. USAA Fed. Sav. Bank* , 171 F.3d 794, 796 (2d Cir. 1999) (granting leave to amend is appropriate "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."); *Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead granted where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at \*1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.").

In this instance, the deficiencies identified above are substantive in nature and extend beyond the mere sufficiency of plaintiff's complaint. Accordingly, I conclude that any amendment that could be offered by the plaintiff would be futile, and therefore recommend against granting her leave to amend.

IV. <u>SUMMARY AND RECOMMENDATION</u>

A review of plaintiff's application for leave to proceed *in forma pauperis* in this action reflects that she is eligible for IFP status, which will therefore be granted. A review of her complaint, however, reveals that it fails to provide a basis for this court's subject matter jurisdiction. Accordingly, it is

ORDERED that plaintiff's application to proceed *in forma pauperis* (Dkt. No. 1) is GRANTED; and it is further respectfully

RECOMMENDED that plaintiff's complaint in this action (Dkt. No. 2) be DISMISSED without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

_____
David E. Peebles
U.S. Magistrate Judge

Dated: April 11, 2013
Syracuse, New York