**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SYLVIA JENKINS,**

                              **Plaintiff,**

    vs.                                                 5:12-cv-01801
                                                                  (MAD/DEP)

**MR. JOHN SESTER, VIP Manager;
OTHER UNNAMED (Associated)**

                              **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**SYLVIA JENKINS**
1418 North State Street
Syracuse, New York 13203
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

In November of 2012, Plaintiff commenced this action against Defendant John Sester, identified as "VIP Manager," and other unnamed and unidentified associates of Defendant Sester. *See* Dkt. No. 2. Plaintiff commenced this action in the Southern District of New York and the case was transferred to this District on December 6, 2012. *See* Dkt. No. 4.

Although difficult to discern, Plaintiff's complaint appears to arise out of a dispute with Defendant Sester, the manager of the rental property where she resided. *See* Dkt. No. 2. Plaintiff alleges that an incident occurred on April 28, 2012 at her former residence, forcing her to move and lose her security deposit of $185.00. *See id.* Plaintiff's complaint, however, does not specify a cause of action under which she intends to proceed.

In an April 11, 2013 Report-Recommendation and Order, Magistrate Judge Peebles granted Plaintiff's application to proceed *in forma pauperis* and reviewed the sufficiency of the

complaint. *See* Dkt. No. 7. Magistrate Judge Peebles noted that Plaintiff has asserted the following claims: (1) "Defamation of Character;" (2) "Invaded my residency and privacy;" (3) "Caused emotional distress and severe depression;" (4) "fabricated about the entire incident, since no one was around me but them all;" and (5) "affected in a[ ] serious tra[umatizing] effect." *See* Dkt. No. 2 at 13-14. Magistrate Judge Peebles determined that "[n]one of these give rise to a cognizable federal cause of action, but instead either give rise to a state law claim or do not give rise to a . . . cognizable claim at all." *See* Dkt. No. 7 at 8. As to the "invasion of privacy" claim, Magistrate Judge Peebles found that Plaintiff has failed to allege a plausible civil rights claim because, pursuant to 42 U.S.C. § 1983, a plaintiff must allege conduct attributable to a state actor, which Plaintiff failed to do. *See id.* at 8. As such, Magistrate Judge Peebles recommended that the Court dismiss the complaint with prejudice, finding that amendment would be futile because "the deficiencies identified above are substantive in nature and extend beyond the mere sufficiency of [P]laintiff's complaint." *See id.* at 10-11.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Homer's Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Peebles correctly recommended that the Court should dismiss Plaintiff's complaint with prejudice. A review of Plaintiff's complaint makes clear that the Court lacks subject matter jurisdiction over this case. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). An opportunity to amend, however, is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). Magistrate Judge Peebles correctly recommended that the Court dismiss the

complaint with prejudice because the Court lacks jurisdiction over this matter; and, therefore, amendment would be futile.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report-Recommendation and Order is **ACCEPTED in its entirety** for the reasons stated therein**;** and the Court further

**ORDERS** that this action is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: May 14, 2013
       Albany, New York

Mae A. D'Agostino
U.S. District Judge